# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> vs. ) <br> ) <br> **KORIE L. CLEMONS,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | **CASE NO. CR-10-193-E-EJL** <br><br> **MEMORANDUM ORDER** |

Pending before the Court in the above-entitled matter is a Motion to Suppress filed by Defendant Korie Clemens. The Government has responded to the Motion and the matter is now ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument. Local Rule 7.1.

**MEMORANDUM ORDER - 1**

## Factual and Procedural Background[1]

On May 26, 2010, at approximately 8:25 a.m., Rupert Police Officers were dispatched to the Flamingo Motel (the "Motel") in Rupert, Idaho in response to a report of a possible missing minor female. Sergeant Normand of the Rupert Police Department met with the Motel's manager who informed him that the missing female's mother had "tracked" or "traced" her daughter to room number five at the Motel. The mother had confronted the occupants of room number five and was told her daughter was not in the room. There is some indication that a few hours prior to this confrontation, occupants of the adjacent rooms had heard female voices in room number five and some "commotion" and, thereafter, the females left which was sometime around 3:30 a.m.

The Motel manager showed Officers the registry for room number five that listed two males as the occupants and a white Toyota pickup truck with a Montana license plate number 50466A. Officer Kuoha ran the license plate on the vehicle and dispatch advised them that the truck had been reported stolen in Montana and was wanted in conjunction with burglaries and firearms thefts. Thereafter, other Officers arrived at the Motel and discussed how to proceed. Officer Hunsaker looked in the bed

---

[1] The factual basis alleged by both parties in their briefing is essentially the same. (Dkt. Nos. 18, 25.)

of the pickup and saw what appeared to be camping gear as well as a gun case. Officer Hunsaker unzipped the gun case and confirmed that a long-barreled gun was in the case.

The Officers then entered room number five where the Defendant and another male were located. The males were arrested and the Officers then searched the stolen vehicle discovering the Defendant's identification card, a duffle bag with the Defendant's initials, seven stolen firearms, and other items of stolen property. The Defendant had been previously convicted of a felony and was charged with unlawful possession of a firearm. (Dkt. No. 1.)

**Analysis**

The Defendant's Motion to Suppress alleges the Officers actions in searching the Motel room and vehicle were done without a warrant and in violation of his Fourth Amendment rights. Accordingly, the Defendant asks that any and all evidence obtained be suppressed. The Government opposes the Motion arguing the charge against the Defendant involves only the firearm found in the stolen vehicle the search of which the Defendant lacks standing to raise a Fourth Amendment challenge. (Dkt. No. 25, p. 4.) In fact, the Government "concedes that there were no exigent circumstances that justified the entry into the defendant's motel room" and states it "does not intend to present any evidence discovered as a result of the warrantless

search of the motel room." (Dkt. No. 25, p. 5.) Thus, the only thing at issue on this Motion is the warrantless search of the vehicle.

"[T]he proponent of a motion to suppress has the burden of establishing that his own Fourth Amendment rights were violated by the challenged search or seizure." *Rakas v. United States*, 439 U.S. 128 (1978). "[T]he Fourth Amendment protects people, not places." *United States v. Ziegler*, 474 F.3d 1184, 1189 (9th Cir. 2007) (citing *Katz v. United States*, 389 U.S. 347, 351 (1967)). "The 'capacity to claim the protection of the Fourth Amendment depends not upon a property right in the invaded place,' but rather 'whether the individual by his conduct has exhibited an actual (subjective) expectation of privacy,' and further, 'whether the individual's subjective expectation of privacy is one that society is prepared to accept as reasonable.'" *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (quoting *Rakas*). Thus, "a criminal defendant may invoke the protections of the Fourth Amendment only if he can show that he had a legitimate expectation of privacy in the place searched or the item seized." *Ziegler*, 474 F.3d at 1189 (citing *Smith v. Maryland*, 442 U.S. 735, 740, (1979)). "This expectation is established where the claimant can show: (1) a subjective expectation of privacy; and (2) an objectively reasonable expectation of privacy." *Id.* (citing *Katz*, 389 U.S. at 351); *United States v. Shryock*, 342 F.3d 948, 978 (9th Cir. 2003). It is the Defendant's burden to prove both elements. *Id.* (citation omitted).

The threshold issue here is whether or not the Defendant had a legitimate expectation of privacy in the area searched or the object seized. *Ziegler*, 474 F.3d at 1189. The search of the stolen vehicle yielded the firearm making up the basis for the charge against the Defendant. In general, only the vehicle's owner or an individual with a legitimate privacy interest in the vehicle may challenge a search of the vehicle. *See United States v. Wanless*, 882 F.2d 1459, 1462 (9th Cir. 1989) (citation omitted). While it is true that the Defendants need not have title to a property in order to assert a protectable Fourth Amendment claim, the Defendant here has offered no argument or alleged any facts establishing any expectation of privacy in the stolen vehicle that was searched. *See Rakas*, 439 U.S. at 143; *see also United States v. One 1977 Mercedes Benz*, 708 F.2d 444, 449 (9th Cir. 1983) (discussing considerations other than ownership that must be weighed when assessing the reasonableness of an individual's expectation of privacy in a vehicle). The Government, on the other hand, argues the Officers ran the pickup truck's license plate through dispatch and confirmed that it had been stolen and may be related to several burglaries in Montana. (Dkt. No. 25, p. 3.) The Defendant acknowledges these facts and does not dispute them. (Dkt. No. 18, p. 2.) The Court finds as a matter of law that the Defendant's Motion should be denied as he has raised no argument that he has standing to raise a Fourth Amendment violation resulting from the Officers' search of the stolen vehicle.

Generally, the Court would hold an evidentiary hearing on a Motion to Suppress. "An evidentiary hearing on a motion to suppress ordinarily is required if the moving papers are sufficiently definite, specific, detailed, and nonconjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. Evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief. Therefore, a hearing is unnecessary when suppression is improper as a matter of law." *United States v. Ai Le*, 255 F.Supp.2d 1132, 1137 (E.D. Cal. 2003)(citations and quotations omitted). "Rule 41(e), Federal Rules of Criminal Procedure, provides that the court 'shall receive evidence on any issue of fact necessary to the decision of the motion.' As this language implies, 'evidentiary hearings should not be set as a matter of course, but only when the petition alleges facts which if proved would require the grant of relief.' Suppression may be improper for a reason of law appearing on the face of the motion. Moreover, factual allegations which are general and conclusory or based upon suspicion and conjecture will not suffice, for 'claims that taint attaches to any portion of the Government's case must satisfy the trial court with their solidity and not be merely a means of eliciting what is in the Government's possession before its submission to the jury.'" *Cohen v. United States*, 378 F.2d 751, 760 (9th Cir. 1967) (citing *Nardone v. United States*, 308 U.S. 338, 342 (1939)

(citations omitted). "The question is whether the allegations in the moving papers, including affidavits if any are filed, are sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented. If the allegations are sufficient, and factual issues are raised, a hearing is required." *Cohen*, 378 F.2d at 761 (citations omitted).

There is no factual issue raised here. Both parties generally recite the same facts in their briefing. Neither party has offered any additional materials by way of affidavit. The Defendant's central contention regarding the disputed search of the stolen vehicle discusses *United States v. Carney*, 471 U.S. 386 (1985). In that case, the Supreme Court held the warrantless search of the defendant's motor home did not violate the Fourth Amendment. The Supreme Court reasoned that the vehicle exception applied to the defendant's motor home because it was more akin to a vehicle than to a home given its capability to be readily mobile and the fact that the defendant had parked it in a public parking lot not regularly used for residential purposes. *Id.* at 392-93.

In this case, the Defendant argues his temporary residential use of the Motel coupled with the vehicle parked in a space generally reserved for guests of the Motel "falls within the requirements first articulated in *Carney*" and that a warrant was required before the Officers opened the gun case. (Dkt. No. 18, p. 8.) Seemingly the

Defendant's argument is that the vehicle exception to the warrant requirement does not apply here because the pickup was parked in a "residential area" and, therefore, the Officers were required to have both probable cause and exigent circumstances in order to conduct the warrantless search. (Dkt. no. 18, pp. 7-8) (citing *Bailey v. Newland*, 263 F.3d 1022, 1032 (9th Cir. 2001); *State v. Patterson*, 774 P.2d 10 (Wash. 1989)).

This argument, however, goes to the issue that would be raised if the Defendant were to have satisfied the threshold showing of standing to raise a Fourth Amendment claim related to the search of the stolen vehicle. As stated above, the Court finds as a matter of law that the Defendant has not made any argument or pointed to any evidence that he has standing regarding the search of the vehicle.[2] On the other hand, the Government has argued, and the defense has acknowledged, that the Officers learned the vehicle had been stolen and the occupants of the vehicle were wanted in relation to burglaries in Montana. (Dkt. Nos. 25, p. 3 and 18, p. 2.) Moreover, the Government has conceded that the search of the Motel room was not justified and does not intend to present any evidence discovered as a result of the search of the

---

[2] For example, were the Defendant to have argued he did not know the pickup was stolen, he had lawful possession of the pickup, the owner of the pickup had let him borrow the pickup, or some other similar argument, the Court would necessarily have to hold the hearing to determine whether the Defendant had a reasonable expectation of privacy. Here, however, the parties appear to both agree that the vehicle had been reported stolen and was connected to burglaries in Montana.

**MEMORANDUM ORDER - 8**

room. (Dkt. No. 25, p. 5.) Based on the foregoing, the Court will deny the Motion to Suppress.

## ORDER

THEREFORE IT IS HEREBY ORDERED, that the Defendant's Motion to Suppress (Dkt. No. 18) is **DISMISSED WITHOUT PREJUDICE**. The March 7, 2011 hearing is **VACATED**.

IT IS FURTHER ORDERED that the Trial in this Matter is set for **May 3, 2011** at 9:30 a.m. in Pocatello, Idaho.

DATED: **February 25, 2011**

Honorable Edward J. Lodge
U. S. District Judge